Jack Van MAYS, Appellant,

v.

The STATE of Texas, Appellee.

No. 38315.

Court of Criminal Appeals of Texas.

June 2, 1965.

Rehearing Denied Oct. 13, 1965.

Anthony J. Ferro, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Clarence V. Lyons, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is drunk driving; the punishment, 3 days in jail and a fine of $50.

The sufficiency of the evidence is not questioned.

The agreed statement of the evidence shows that two police officers testified in effect that at approximately 9:15 A.M. appellant was observed driving a motor vehicle upon a public street or highway in San Antonio; that appellant was stopped after the officers had observed his driving and his failure to stop for a red light, and that it was the opinion of the officers that appellant was under the influence of intoxicating liquor. Appellant testified and offered the testimony of his friend George Tinney to the effect that they were test car drivers and had worked all night, each having driven 500 miles; that they got off at approximately 8 A.M. on the day in question; that appellant drove George Tinney to his home and "from there he proceeded on to his home, having been stopped on the way and arrested for driving while under the influence of an intoxicating liquor."

In his amended motion for new trial appellant asserted, as ground to set aside the verdict, jury misconduct "said misconduct being as follows to wit: That a juror during the deliberations made a statement to the other jurors that they all knew the rule, 'If you drink don't drive and if you drive don't drink.' "

The motion further alleged that all of the jurors had stated on voir dire examination that they had no prejudice against a person who took a drink and then drove an automobile, and fully understood that in order for a person to be guilty of driving while under the influence of intoxicating liquor such drinking must have affected the normal use of his mental and physical faculties and that merely drinking an intoxicating liquor and driving an automobile was not prohibited by the law.

The facts alleged as constituting jury misconduct were proved at the hearing on the amended motion for new trial by the testimony of the jurors De Leon and Mrs. Medina. Both testified that they were not influenced by the statement made by the juror San Miguel in arriving at their verdict.

Appellant's claim of jury misconduct is without merit.

Appellant contends that the juror San Miguel, who made the statement quoted, was a prejudiced juror and not a qualified juror as his voir dire examination showed him to be.

We cannot accept the premise that one who states and believes in the well publicized slogan "If you drive don't drink; if you drink, don't drive," is thereby disqualified to act as a juror in a drunk driving case because he is prejudiced against anyone who takes a drink and then drives, or because under his interpretation of the law anyone who takes a drink and then drives should be convicted whether he is under the influence of intoxicating liquor or not.

The juror De Leon testified: "I think he was stating his own interpretation of the

law." This, of course, was no more than a conclusion of the witness. When a similar conclusion was sought from the other juror who testified the court properly sustained the objection and the question was withdrawn.

It is interesting to note that, though appellant's claim that the juror was disqualified relates to his failure to recognize the distinction between a driver who is under the influence of intoxicating liquor and one who has taken a drink, no witness testified as to how many drinks appellant had consumed. Appellant did not admit and his witness did not testify that he had had one drink. In fact their testimony appears to have been that he had not consumed any alcoholic beverage.

No error appearing, the judgment is affirmed.